1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| MARY SWEARINGEN and ROBERT FIGY, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>    v.<br><br>ATTUNE FOODS, INC.,<br><br>        Defendant. | Case No:  C 13-4541 SBA<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Docket 25 |

The parties are presently before the Court on Defendant Attune Food, Inc.'s ("Attune") motion to dismiss the first amended complaint ("FAC").  Dkt. 25.  Plaintiffs Mary Swearingen and Robert Figy (collectively, "Plaintiffs") oppose the motion.  Dkt. 30. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby GRANTS Attune's motion, for the reasons stated below.  The Court, in its discretion, finds these matters suitable for resolution without oral argument. See Fed.R.Civ.P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

## I.      BACKGROUND

Plaintiffs bring the instant putative consumer class action against Attune alleging various claims predicated on Attune's unlawful sale of "misbranded" food products. Attune is a food manufacturer that uses the term "Organic Evaporated Cane Juice" or "Evaporated Cane Juice" or "Cane Juice Evaporated" ("ECJ") on the label of its food products, including its Dark Chocolate Probiotic Bar, Milk Chocolate Crisp Probiotic Bar, Mint Chocolate Probiotic Bar, Erewhon Cocoa Crispy Brown Rice Cereal, Erewhon Strawberry Crisp Cereal, and Uncle Sam's Strawberry Cereal.  Plaintiffs allege that

Attune's use of the term ECJ on the label of its food products violates Food and Drug Administration ("FDA") regulations because ECJ is not the "common or usual name"[1] of any type of sweetener.  Plaintiffs allege that the common or usual name of ECJ is sugar, and that use of the term ECJ instead of sugar is unlawful, deceptive, and misleading to consumers.  Plaintiffs further allege that Attune uses the term ECJ to make its products appear healthier than products containing "added sugar" as an ingredient.

Plaintiffs assert that Attune's "misbranding" of its food products violates numerous federal regulations and California statutes, including, among others, California's Unfair Competition Law, the Consumers Legal Remedies Act, and California's Sherman Law which adopts, incorporates, and is, in all relevant aspects, identical to the federal Food Drug & Cosmetic Act and the regulations adopted pursuant to that Act.  Plaintiffs also assert that Attune's conduct is contrary to FDA policy and guidance.  According to Plaintiffs, Attune unlawfully deprived consumers of the money they paid to purchase Attune's "illegal" misbranded food products while simultaneously exposing them to potential legal risk by virtue of their possession of such products.

## II.   DISCUSSION

### A.   Judicial Notice

Pursuant to Rule 201 of the Federal Rules of Evidence, Attune requests the Court take judicial notice of the FDA-issued "Notice; reopening of comment period; request for comments, data, and information" for the draft guidance for industry entitled "Ingredients Declared as Evaporated Cane Juice" ("2014 FDA Notice").  Dkt. 32.  This document is located in the Federal Register at 79 Fed. Reg. 12507-12508.  See id.  Plaintiffs do not oppose Attune's request.

---

[1] FDA regulations provide that "[i]ngredients required to be declared on the label or labeling of a food . . . shall be listed by common or usual name in descending order of predominance by weight on either the principal display panel or the information panel. . . ." 21 C.F.R. § 101.4(a)(1).  The regulations further provide that the "common or usual name of a food may be established by common usage or by establishment of a regulation. . . ." 21 C.F.R. § 102.5(d).

1   Under Rule 201, "[t]he court may judicially notice a fact that is not subject to

2   reasonable dispute because it:  (1) is generally known within the trial court's territorial

3   jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy

4   cannot reasonably be questioned."  Fed.R.Evid. 201(b).  Courts make take judicial notice of

5   undisputed matters of public record.  See Lee v. City of Los Angeles, 250 F.3d 668, 688-

6   689 (9th Cir. 2001).  Accordingly, because the Court finds that the 2014 FDA Notice

7   satisfies the requirements of Rule 201(b), Attune's unopposed request for judicial notice is

8   GRANTED.

9       **B.    Motion to Dismiss**

10      In the instant motion, Attune moves to dismiss the FAC on various grounds,

11  including the primary jurisdiction doctrine.  Attune contends that dismissal is appropriate

12  under this doctrine because Congress has vested the FDA with the authority to interpret and

13  enforce food labeling regulations and the FDA has yet to establish a final rule with respect

14  to whether ECJ may be properly used on food labels.  According to Attune, dismissal is

15  particularly appropriate where, as here, the FDA has initiated, but not concluded, a process

16  to consider the propriety of use of the term ECJ on food labels.

17      "The primary jurisdiction doctrine allows courts to stay proceedings or to dismiss a

18  complaint without prejudice pending the resolution of an issue within the special

19  competence of an administrative agency."  Clark v. Time Warner Cable, 523 F.3d 1110,

20  1114 (9th Cir. 2008).  It is a "prudential" doctrine under which a court "determines whether

21  an otherwise cognizable claim implicates technical and policy questions that should be

22  addressed in the first instance by the agency with regulatory authority over the relevant

23  industry rather than by the judicial branch."  Clark, 523 F.3d at 1114.  The doctrine is "to

24  be used only if a claim requires resolution of an issue of first impression, or of a

25  particularly complicated issue that Congress has committed to a regulatory agency, and if

26  protection of the integrity of a regulatory scheme dictates preliminary resort to the agency

27  which administers the scheme."  Id. (citations and quotation marks omitted).

28

"Although the question is a matter for the court's discretion, courts in considering the issue have traditionally employed such factors as (1) the need to resolve an issue that (2) has been placed by Congress within the jurisdiction of an administrative body having regulatory authority (3) pursuant to a statute that subjects an industry or activity to a comprehensive regulatory authority that (4) requires expertise or uniformity in administration." Syntek Semiconductor Co., Ltd. v. Microchip Tech. Inc., 307 F.3d 775, 781-782 (9th Cir. 2002); see also Clark, 523 F.3d at 1115. In considering these factors, the "primary jurisdiction doctrine is designed to protect agencies possessing 'quasi-legislative powers' and that are 'actively involved in the administration of regulatory statutes.' " Clark, 523 F.3d at 1115 (citation omitted). "Normally, if the court concludes that the dispute which forms the basis of the action is within the agency's primary jurisdiction, the case should be dismissed without prejudice so that the parties may pursue their administrative remedies." Syntek, 307 F.3d at 782.

Primary jurisdiction may be invoked when an agency is addressing an issue through formal rulemaking procedures, as well as through adjudicative procedures. See, e.g., Clark, 523 F.3d at 1114-1116; Kappelmann v. Delta Air Lines, Inc., 539 F.2d 165, 169 (D.C. Cir. 1976). Several courts within the Northern District of California have found application of the primary jurisdiction doctrine appropriate "where a determination of a plaintiff's claim would require a court to decide an issue committed to the FDA's expertise without a clear indication of how the FDA would view the issue." See Figy v. Amy's Kitchen, Inc., ---F.Supp.2d ----, 2014 WL 1379915, at *2 (N.D. Cal. 2014) (citing cases).

In response to the instant motion, Plaintiffs contend that the primary jurisdiction doctrine does not apply because the FDA has consistently considered the use of the term ECJ to be unlawful and the FDA has never indicated that it is considering changing its position. Plaintiffs also argue that the FDA's 2009 draft guidance regarding "Ingredients Declared as Evaporated Cane Juice" does not permit the use of the term ECJ and nothing in the draft guidance suggests or implies that the FDA would ever permit the use of the term ECJ. Further, although Plaintiffs acknowledge that the FDA recently reopened the

1  comment period for draft guidance on the use of the term ECJ and do not dispute that the

2  FDA seeks comments, data and information on issues that directly relate to the substance of

3  their claims, they nevertheless argue that dismissal of this action is inappropriate under the

4  primary jurisdiction doctrine because it is unclear when or if the FDA will conclusively

5  resolve this issue.  The Court disagrees.

6       On March 5, 2014, the FDA issued a notice in the Federal Register (i.e., the 2014

7  FDA Notice) reopening the comment period for draft guidance on the use of the term ECJ,

8  requesting comments, data, and information from the public.  See Def.'s Req. for Judicial

9  Notice, Exh. A., Dkt. 32; see also 79 Fed. Reg. 12507 (Mar. 5, 2014).  The 2014 FDA

10  Notice states, in part:

11      We have not reached a final decision on the common or usual name for this
   ingredient and are reopening the comment period to request further
12      comments, data, and information about the basic nature and characterizing
   properties of the ingredient sometimes declared as 'evaporated cane juice,'
13      how this ingredient is produced, and how it compares with other sweeteners.

14  79 Fed. Reg. 12507.  It further states that "[a]fter reviewing the comments received, [the

15  FDA] intends to revise the draft guidance, if appropriate, and issue it in final form. . . ."  Id.

16       Following the FDA's issuance of this notice, several courts within this district have

17  dismissed or stayed similar suits under the primary jurisdiction doctrine.  See Figy v.

18  Lifeway Foods, Inc., 2014 WL 1779251, at *2 (N.D. Cal. 2014); Figy, --- F.Supp.2d ----,

19  2014 WL 1379915, at *3-4; Swearingen v. Santa Cruz Natural Inc., 2014 WL 1339775, at

20  *4 (N.D. Cal. 2014); Reese v. Odwalla, Inc. --- F.Supp.2d ----, 2014 WL 1244940, at *5

21  (N.D. Cal. 2014).  The Court agrees with the reasoning of these cases.  All of the claims

22  alleged in this action are predicated on Plaintiffs' contention that ECJ is not the common or

23  usual name for the ingredient found in Attune's allegedly misbranded food products.  As

24  such, the Court finds that the primary jurisdiction doctrine applies.  Food labeling is within

25  the special competence of the FDA, the FDA has not resolved the issue of whether ECJ is

26  the common or usual name of the ingredient involved in this case, the FDA is engaged in

27  active rulemaking on this issue, and deferring to the FDA for resolution of this issue will

28  allow courts to benefit from the FDA's expertise on food labeling and will ensure

uniformity in administration of the FDA's regulations.  <u>See</u> <u>Figy</u>, --- F.Supp.2d ----, 2014 WL 1379915, at *2-4.  Accordingly, Attune's motion to dismiss this action under the primary jurisdiction doctrine is GRANTED without prejudice.[2]

**III.**     **<u>CONCLUSION</u>**

For the reasons stated above, IT IS HEREBY ORDERED THAT:

1.      Attune's motion to dismiss is GRANTED without prejudice.

2.      The Clerk shall close the file and terminate all pending matters.

IT IS SO ORDERED.

Dated:  5/15/2014

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge

---

[2] In light of this ruling, the Court will not consider Attune's other arguments for dismissal.