UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| MARY SWEARINGEN and ROBERT FIGY, individually and on behalf of all others similarly situated,<br><br>               Plaintiffs,<br><br>      v.<br><br>ATTUNE FOODS, INC.,<br><br>             Defendant. | Case No:  C 13-4541 SBA<br><br>**ORDER GRANTING MOTION TO ALTER OR AMEND JUDGMENT AND/OR FOR RELIEF FROM JUDGMENT**<br><br>Docket 35 |

      The parties are presently before the Court on Plaintiffs Mary Swearingen and Robert Figy's (collectively, "Plaintiffs") motion to alter or amend judgment and/or for relief from judgment pursuant to Rule 59(e) and/or 60(b) of the Federal Rules of Civil Procedure.  Dkt. 35.  Defendant Attune Foods, Inc. ("Attune") opposes the motion.  Dkt. 36.  Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby GRANTS Plaintiffs' motion, for the reasons stated below.  The Court, in its discretion, finds this matter suitable for resolution without oral argument.  See Fed.R.Civ.P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

## I.    **BACKGROUND**

      On October 1, 2013, Plaintiffs brought the instant putative consumer class action against Attune, alleging various claims predicated on Attune's unlawful sale of "misbranded" food products.  Attune is a food manufacturer that uses the term "Organic Evaporated Cane Juice" or "Evaporated Cane Juice" or "Cane Juice Evaporated" ("ECJ") on the label of its food products, including its Dark Chocolate Probiotic Bar, Milk

Chocolate Crisp Probiotic Bar, Mint Chocolate Probiotic Bar, Erewhon Cocoa Crispy Brown Rice Cereal, Erewhon Strawberry Crisp Cereal, and Uncle Sam's Strawberry Cereal.  Plaintiffs allege that Attune's use of the term ECJ on the label of its food products violates Food and Drug Administration ("FDA") regulations because ECJ is not the "common or usual name"[1] of any type of sweetener.  According to Plaintiffs, the common or usual name of ECJ is sugar, and that use of the term ECJ instead of sugar is unlawful, deceptive, and misleading to consumers.  Plaintiffs further allege that Attune uses the term ECJ to make its products appear healthier than products containing "added sugar" as an ingredient.

Plaintiffs assert that Attune's "misbranding" of its food products violates numerous federal regulations and California statutes, including California's Unfair Competition Law and the Consumers Legal Remedies Act.  Plaintiffs have also alleged a violation of California's Sherman Law, which "adopts, incorporates, and is, in all relevant aspects, identical to the federal Food Drug & Cosmetic Act . . . and the regulations adopted pursuant to that act."  Plaintiffs also assert that Attune's conduct is contrary to FDA policy and guidance.  According to Plaintiffs, Attune unlawfully deprived consumers of money they paid to purchase Attune's "illegal" misbranded food products while simultaneously exposing them to potential legal risk by virtue of their possession of such products.[2]

On March 5, 2014, the FDA issued a notice in the Federal Register (i.e., the 2014 FDA Notice) reopening the comment period for draft guidance on the use of the term ECJ.

---

[1] FDA regulations provide that "[i]ngredients required to be declared on the label or labeling of a food . . . shall be listed by common or usual name in descending order of predominance by weight on either the principal display panel or the information panel. . . ." 21 C.F.R. § 101.4(a)(1).  The regulations further provide that the "common or usual name of a food may be established by common usage or by establishment of a regulation. . . ." 21 C.F.R. § 102.5(d).

[2] In support of their Consumers Legal Remedies Act claim, Plaintiffs allege, among other things, that "Plaintiffs were misled by Defendant's failure to disclose the material fact that the misbranded food products were illegal to sell and possess."  According to Plaintiffs, it is a criminal act to sell or possess misbranded food products.

<u>See</u> Def.'s Req. for Judicial Notice, Exh. A., Dkt. 32; <u>see also</u> 79 Fed. Reg. 12507 (Mar. 5, 2014). The 2014 FDA Notice states, in part:

> We have not reached a final decision on the common or usual name for this ingredient and are reopening the comment period to request further comments, data, and information about the basic nature and characterizing properties of the ingredient sometimes declared as 'evaporated cane juice,' how this ingredient is produced, and how it compares with other sweeteners.

79 Fed. Reg. 12507. It further states that "[a]fter reviewing the comments received, [the FDA] intends to revise the draft guidance, if appropriate, and issue it in final form. . . ." <u>Id.</u>

On May 19, 2014, the Court granted Attune's motion to dismiss without prejudice under the primary jurisdiction doctrine, Dkt. 34, which allows courts to stay proceedings or to dismiss a complaint without prejudice pending the resolution of an issue within the special competence of an administrative agency. <u>Clark v. Time Warner Cable</u>, 523 F.3d 1110, 1114 (9th Cir. 2008). Plaintiffs now move for an order altering or amending judgment or for relief from judgment under Rule 59(e) and/or 60(b).

## II.     <u>LEGAL STANDARDS</u>

A district court may reconsider its entry of judgment against a party under either Rule 59(e) (motion to alter or amend a judgment) or Rule 60(b) (relief from judgment). <u>School Dist. No. 1J v. ACandS, Inc.</u>, 5 F.3d 1255, 1262 (9th Cir. 1993). "In general, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law." <u>Allstate Ins. Co. v. Herron</u>, 634 F.3d 1101, 1111 (9th Cir. 2011). However, relief under Rule 59(e) is "an extraordinary remedy which should be used sparingly." <u>Id.</u> A Rule 59(e) motion "should not be granted absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." <u>Orange St. Partners v. Arnold</u>, 179 F.3d 656, 665 (9th Cir. 1999).

1   A Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments
2   or present evidence that could have been raised prior to the entry of judgment." Exxon
3   Shipping Co. v. Baker, 554 U.S. 471, 485 n. 5 (2008); Marilyn Nutraceuticals, Inc. v.
4   Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009).  " 'Since specific grounds
5   for a motion to amend or alter are not listed in the rule, the district court enjoys
6   considerable discretion in granting or denying the motion.' " McDowell v. Calderon, 197
7   F.3d 1253, 1255 n. 1 (9th Cir. 1999) (en banc).

8   Under Rule 60(b), a party may seek relief from judgment and to re-open its case in
9   limited circumstances, "including fraud, mistake, and newly discovered evidence."
10   Gonzalez v. Crosby, 545 U.S. 524, 528 (2005).  Rule 60(b) provides that:

> [T]he court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

17   Fed.R.Civ.P. 60(b).

18   "Rule 60(b)(6) is a catch-all provision that allows a court to vacate a judgment for
19   'any other reason justifying relief from the operation of the judgment.' " Lehman v. United
20   States, 154 F.3d 1010, 1017 (9th Cir. 1998).  " 'Rule 60(b)(6) is a grand reservoir of
21   equitable power,' . . . and it affords courts the discretion and power 'to vacate judgments
22   whenever such action is appropriate to accomplish justice.' " Phelps v. Alameida, 569 F.3d
23   1120, 1135 (9th Cir. 2009).  However, Rule 60(b)(6) is to be " 'used sparingly as an
24   equitable remedy to prevent manifest injustice.' " Lehman, 154 F.3d at 1017.  A party
25   moving for relief under Rule 60(b)(6) "must demonstrate both injury and circumstances
26   beyond his control that prevented him from proceeding with the action in a proper fashion."
27   Latshaw v. Trainer Wortham & Co., Inc., 452 F.3d 1097, 1103 (9th Cir. 2006) (internal
28   quotation marks and alteration omitted).  This Rule "is to be utilized only where

1  extraordinary circumstances prevented a party from taking timely action to prevent or

2  correct an erroneous judgment." Id.

3      A Rule 60(b) motion cannot be used to present new arguments that could have been

4  raised prior to the entry of judgment.  San Luis & Delta–Mendota Water Auth. v. U.S.

5  Dept. of Interior, 624 F.Supp.2d 1197, 1208 (E.D. Cal. 2009).  "Motions for relief from

6  judgment pursuant to Rule 60(b) are addressed to the sound discretion of the district court."

7  Casey v. Albertson's Inc., 362 F.3d 1254, 1257 (9th Cir. 2004).

8  **III.   DISCUSSION**

9      As set forth in this Court's dismissal order, a district court presented with an issue to

10 which agency deference is due under the primary jurisdiction doctrine has the discretion

11 either to stay the case or to dismiss it without prejudice.  Clark, 523 F.3d at 1114.

12 "Normally, if the court concludes that the dispute which forms the basis of the action is

13 within the agency's primary jurisdiction, the case should be dismissed without prejudice so

14 that the parties may pursue their administrative remedies."  Syntek Semiconductor Co. v.

15 Microchip Tech., Inc., 307 F.3d 775, 782 (9th Cir. 2002) (amended).  However, a court

16 should retain jurisdiction where a dismissal without prejudice would work to the

17 disadvantage of a party, most commonly because there is a risk the statute of limitations

18 may run on the claims pending agency action.  Davel Commc'ns, Inc. v. Qwest Corp., 460

19 F.3d 1075, 1091 (9th Cir. 2006).  Here, because the Court determined that the primary

20 jurisdiction doctrine applies, and because Plaintiffs did not argue that a stay was

21 appropriate, the Court granted Attune's request to dismiss this case without prejudice.  See

22 Swearingen v. Attune Foods, Inc., 2014 WL 2094016 (N.D. Cal. 2014) (Armstrong, J.).

23      In the instant motion, Plaintiffs move for an order vacating the judgment, reopening

24 the action, and staying the case.  Plaintiffs contend that such relief is appropriate because

25 "there is a strong likelihood [that they] would be unfairly disadvantaged . . . due to the

26 applicable statutes of limitations."  According to Plaintiffs, they will be prejudiced by the

27 FDA's "indeterminate delay."  In addition, Plaintiffs assert that "[t]he class period alleged

28 in the [operative] complaint relates back to the filing of the original Complaint on February

11, 2013," and that if Plaintiffs "were required to start over with a new complaint, [they] and the Class would lose the benefit of that filing date, and [they] and the Class would almost certainly lose at least a year off the class period, and possibly quite a bit more."

The Court finds that relief from judgment is appropriate.  The instant action was commenced on October 1, 2013.  The 2014 FDA Notice was issued approximately eleven months ago on March 5, 2014.  The parties agree that the FDA has not provided any indication regarding when it will issue final guidance on the use of the term ECJ. Accordingly, because there is a risk that the statute of limitations may run on Plaintiffs' claims before the FDA acts, and because the Court is not persuaded that Attune will suffer any prejudice if relief from judgment is granted and a stay is entered, the Court finds that it is appropriate to grant Plaintiffs' motion for relief from judgment, reopen the case, and enter a stay pursuant to the doctrine of primary jurisdiction.  While Plaintiffs could have argued for a stay in opposition to Attune's motion to dismiss, the Court is persuaded that Plaintiffs were unaware at that time how long it would take the FDA to issue final guidance on the use of the term ECJ.  When it became apparent to Plaintiffs that the FDA's delay might result in the running of the statute of limitations, they filed the instant motion.  In order to prevent Plaintiffs from being unfairly disadvantaged, the Court exercises its discretion and vacates the judgment to accomplish justice.

**IV.**   **CONCLUSION**

For the reasons stated above, IT IS HEREBY ORDERED THAT:

1.    Plaintiffs' motion to alter or amend judgment and/or for relief from judgment is GRANTED.  The Court VACATES the previously entered judgment.

2.    The Clerk shall reopen the case.

3.    The case is STAYED pending further order of the Court.  Within seven (7) days of agency action taken by the FDA on the use of the term ECJ, the parties shall file a joint status report advising the Court of the action taken.

4.    A Case Management Conference is scheduled for **April 23, 2015 at 3:00 p.m.**  Prior to the date scheduled for the conference, the parties shall meet and confer and

prepare a joint Case Management Conference Statement.  Plaintiffs are responsible for filing the joint statement no less than seven (7) days prior to the conference date.  The joint statement shall comply with the Standing Order for All Judges of the Northern District of California and the Standing Orders of this Court.  Plaintiffs are responsible for setting up the conference call, and on the specified date and time, shall call (510) 879-3550 with all parties on the line.

     5.    This Order terminates Docket 35.

    IT IS SO ORDERED.

Dated:  1/28/2015

SAUNDRA BROWN ARMSTRONG
United States District Judge